Kenya Lynch, pro se
354 Neverland Drive
Middletown, DE. 19122
L644prostew@outlook.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
601 Market Street
Philadelphia, PA. 19106

| | | |
|---|---|---|
| **KENYA LYNCH,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **Civil Action No.** |
| | : | |
| **Martin J. Walsh, Secretary,** | : | |
| **U.S. Department of Labor,** | : | |
| | : | **Bench Decision Requested** |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's rights granted under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"); Age Discrimination in Employment Act of 1976, 29 U.S.C. §§ 621 to 634; and Rehabilitation Act of 1973, 29 U.S.C. §§ 791. Plaintiff was discriminated and retaliated against based on her race, color, religion, sex, age, national origin, disability, and her prior protected EEO activities, when she was denied promotion, subjected to unequal case assignments, more severely scrutinized than others outside her protected classes, denied reasonable accommodation, denied telework, and was otherwise harmed in terms and conditions of her employment by the

1

Defendant, U.S. Department of Labor.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U. S. C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin); Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634; and Rehabilitation Act of 1973, as codified, 29 U.S.C., §§ 791.

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the U.S. Department of Labor ("the employer" or "Defendant"). The claims arise from events that took place between October 2018 and July 2019 in the facility located in Philadelphia, Pennsylvania. Accordingly, venue lies in the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

1. The pro se Plaintiff, Kenya Lynch, is an adult individual who has a mailing address of 354 Neverland Drive, Middletown, DE. 19709.

2. Her email is: L644prostew@outlook.com.

3. The Defendant, Martin J. Walsh, was Secretary, U.S. Department of Labor located at 200 Constitution Ave., NW, Washington, DC. 20210.

4. At all relevant times, Michael A. Schloss was Regional Director, SES, U.S. Department of Labor, Employee Benefits Security Administration (EBSA), Philadelphia Regional Office, at 1835 Market Street, 21st Floor Mailstop EBSA/21, Philadelphia, PA 19103 He was Plaintiff's third level supervisor.

5. At all relevant times, Norman D. Jackson. was Deputy Regional Director, GS-15, U.S. Department of Labor, EBSA, Philadelphia Regional Office, Philadelphia, PA. He was Plaintiff's second level supervisor.

6. At all relevant times, Stephanie D. Thimodo was Supervisory Investigator, GS-14, U.S. Department of Labor, EBSA, Philadelphia Regional Office, Philadelphia, PA. She was Plaintiff's first level supervisor.

7. The U.S. Department of Labor engages in commerce for the purposes of Rehabilitation Act, Title VII of Civil Rights Act of 1964, Age Discrimination in Employment Act of 1976; and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

8. The pro se Plaintiff, Kenya Lynch, is a Black female Muslim, age 52. Her national origin is Costa Rica.

9. Plaitiff has hearing impairment, neuropathy, and neuro skeletal impairment that interfere with one or more major life activities: hearing, walking, standing, etc.

10. Plaintiff wears a hijab at work.

11. Since 2009, Plaintiff has been employed by Defendant, U.S. Department of Labor, Employee Benefits Security Administration (EBSA), Philadelphia Regional Office, Philadelphia, PA

12. At all relevant time Plaintiff was employed by Defendant as Employee Benefits Investigator, GS-12.

*Plaintiff's Prior Protected Activities*

13. Since 2015, Plaintiff has served as an NCFLL/ Local 644 Union or Shop Steward for the Philadelphia, Washington District Office and other agencies. Plaintiff has served as a witness and or representative on several EEO cases or matters in representing employees in these offices.

14. On or about May 2016, Plaintiff testified in an EEO case involving another complainant.

15. On or about in 2011, Plaintiff requested a private office space as a reasonable accommodation based on her disability: hearing impairment. She made the request to her Supervisor Stephanie Thimodo.

16. On or about May 2018, Plaintiff requested extended telework as a reasonable accommodation based on her disability: multiple impairments including neuropathy and neuro skeletal impairment. She made the request to her supervisor Stephanie Thimodo.

*Particulars of Allegations*

**The Plaintiff alleges that based on her race (Black), color (Black), sex (Female), religion (Islam), age (49 as of 2019), national origin (Costa Rica), disability (hearing impaired), and based on her prior protected EEO activities (as specified above); she was discriminated and retaliated against when:**

17. On October 3, 2018, Plaintiff was not selected to the position of Employee Benefits Investigator, GS-13, posted under the vacancy announcement: MS-18-PHIL-EBSA-0072, at EBSA, Philadelphia Regional Office.

4

a. Michael Schloss, Regional Director, was the selecting official.

b. Michael Schloss, Norman Jackson interviewed Plaintiff (on September 5, 2018) and five other candidates: Brandon Pfister, Efren Cazales, Todd Hassler, Brannon Ottley, and Pamela Polk.

c. No interview scores or rankings were made nor recorded.

d. Norman Jackson conducted and took interview notes of all candidates., but the interview notes of Plaintiff's questions and answers were discarded.

e. Handwritten interview notes by RD Schloss were illegible.

f. Norman Jackson provided consultation and data regarding the candidates who were interviewed.

g. Brandon Pfister and Efren Cazales were selected. Pfister is a White Caucasian, younger than age 40, America born with European ancestry with no known disability and with no prior history of engaging in the protected EEO activities. He was non-Muslim.

h. Cazales is a Male Latino, of Mexican ancestry with no known disability and with no prior history of engaging in protected EEO. He was non-Muslim.

i. Pfister and Cazales were both selected for their respective high monetary results or outcome.

j. Prior to being selection for the position in question, Pfister and Cazales both worked on more active investigations that had a higher number of civil results, more cases involving teams, more complex civil cases, larger cross-Regional cases, more high-profile cases, more criminal cases, and more major

cases leading to litigation. They were given more opportunities to work at a high level as project coordinators for the Region.

 k. Pfister had been afforded numerous trainings, was coached and assisted by DRD Jackson from the time of his training all the way up to the time of his promotion to the said vacancy position in question.

 l. Pfister was paired on many cases with more experienced investigators to assist and advance his cases.

 m. Pfister was granted more Quality Step Increases (QSI) than any other investigator in the office; while other investigators who assisted him or contributed or facilitated to the accomplishments in his work were not recognized or awarded the equitable QSI's.

 n. Pfister was assigned to higher number of bankruptcy cases, leading to rare litigation referrals to Atlanta Solicitor's Office.

 o. No reasons were given to Plaintiff for her non-selection.

 p. Since 2009 to present, Plaintiff was assigned to less prominent cases leading to lower monetary results or outcome.

 q. Stephanie Thimodo in consultation with and with approval of DRD Norman Jackson and Michael Schloss assigns cases to the Employee Benefits Investigators.

 r. Cases are not randomly assigned to the Investigators in Philadelphia Regional Office.

6

s. At all relevant times, Stepharie Thimodo, GS-14, Supervisory Investigator, supervised Plaintiff and Efren Cazales, who were both GS-12 Employee Benefits Investigators until Cazales' promotion to the said vacancy GS-13 position.

18. On June 8, 2020, Plaintiff was not selected to the position of Employee Benefits Investigator, GS-13, posted under the vacancy announcement: MS-20-CHI-EBSA-0114, at EBSA, Philadelphia Regional Office.

    a. Michael Schloss, Regional Director, was the selecting official.

    b. Michael Schloss, Norman Jackson interviewed Plaintiff (on September 5, 2018) and other five candidates.

    c. The following 6 candidates were interviewed and or selected: Plaintiff (not selected), Carmen Cava (white male, Christian), Todd Hassler, Brannon Ottley (black male, under 50, American, Christian), Sean Holland (male, American), Pamela Polk (black, female, American, Christian) Plaintiff, Joanna Turcotte (white Caucasian, female, younger than 40), and Lynda Wellen (white Caucasian, female).

    d. On or about in June 2020, in a post selection meeting as a follow up to my interview, RD Schloss stated that 3 of the candidates (Polk, Ottley, and Hassler) selected for the 2020 promotional round were given specific instructions the previous year (after their interviews) on what areas to improve to be selected in this vacancy (2020).

  e. Plaintiff was not given the same opportunity as her counterparts selected for the said GS 13 position in 2020.

19. Since 2009 to present, Plaintiff was assigned to less prominent cases leading to lower monetary results or outcome.

  a. Stephanie Thimodo in consultation with and with approval of Michael Schloss assigns cases to the Employee Benefits Investigators.

  b. Cases are not randomly assigned to the Investigators.

  c. Criminal cases are considered prominent cases with higher monetary results, indictments, or convictions; and often require collaboration of FBI, OIG, AUSA, and other law enforcement authorities.

  d. Pfister had over twenty criminal cases to investigate in 2017, which is the highest number assigned to any Investigator in Philadelphia Regional Office, including one case that led to a large cross jurisdictional matter that resulted in guilty pleas, which in turn lead to at least $40 million in losses.

  e. No criminal cases were assigned to Plaintiff in her 10-year tenure working as Employee Benefits Investigator, except one case when she specifically targeted and requested for it.

  f. Only after filing an EEO complaint in September 2018, Plaintiff received one low profile criminal case, which was less likely to lead to conviction or to referral for litigation.

  g. High profile civil and criminal cases are usually subject to key Court cases, field assistance bulletins, and other areas of importance to Defendant.

8

h. Cazales was assigned to a TVPP case involving a large financial institution with violations involving uncashed checks.

i. Cazales was given the opportunities to expand Defendant's project into other types of retirement plans as well as the on-going practices of every financial institution in the US who is connected with retirement plan assets.

j. Pfister was assigned to cases involving major companies such as Bayer and UPMC.

k. Cazales was assigned to cases involving major companies such as Westinghouse and PNC.

l. Healthcare cases are considered less desirable in comparison, as they are more time consuming to investigate and are likely to yield lower monetary results or convictions.

m. Since 2009 to present, Plaintiff was mainly assigned to less prominent healthcare cases and other less prominent cases to investigate such as cases involving abandoned retirement plans or delinquent retirement contributions.

n. Male investigators, such as Pfister, Cazales, Jim Moran, Hassler, and others were allowed to refuse healthcare cases.

o. Plaintiff was not allowed to refuse healthcare cases that were assigned to her.

p. More healthcare cases were assigned to Female Investigators than to Male Investigators, as DRD Jackson explained to the union that he considered the Female investigators to be more "sensitive."

9

  q. Cazales was assigned to a healthcare case involving a large Regional service provider to multiple Taft-Hartley ERISA-covered plans throughout the mid-Atlantic area, who was actively engaged in a practice of shorting essential healthcare benefits the employees earned and were entitled to, such as denial of Emergency Room claims solely based on exit diagnostic codes rather than on the symptoms shown in their admissions.

  r. Cazales was given the opportunities to review the mental health networks of large financial institutions in the Region and the nation who were considered key players in the nation's healthcare industry. His investigative work involved key meetings with several State Insurance Regulators, assisting Defendant to move into an area that has long been overlooked.

  s. Cazales was assigned to work on several larger-scale active investigations that were cross-jurisdictional in scope.

  t. The following Investigators, GS-12, were assigned to lower profile cases, similar to cases assigned to Plaintiff: Leah Williams and Felicia Lige. They are both Black Female. Lige is a Muslim.

20. On or about May 2019, Plaintiff was denied the opportunity to attend the Federal Law Enforcement Training (FLET) held at FLET Center, in Georgia.

  a. The following Investigators were afforded many training opportunities: Pfister, Carmen Cava, Efren Cazales, Wayne Bradley and others. All were America born (except for Cazales, Latino of the Mexican origin), White

Caucasians, younger than age 40, non-Muslim with no prior engagement in the protected EEO activity and no known disability.

21. Between 2017 and 2018, Plaintiff was denied her telework request for more than three days a week as a reasonable accommodation.

   a. The following Investigators were allowed to telework regularly per week: Brian Brennan, Elizabeth Vastine. They were both White Caucasians, non-Muslim, younger than 40 years old and had no known disability and no history of engaging in a protected EEO activity.

22. Since 2012, to present, Plaintiff's work was severely scrutinized, unfairly managed by Supervisor Thimodo, DRD Jackson, and RD Schloss.

   a. On several occasions DRD Jackson and RD Schloss would assign tasks which were not required or necessary to advance Plaintiff's cases, but rather would potentially derail her case timeliness and performance standards.

   b. On several occasions DRD Jackson changed Plaintiff's case deadlines without just cause or explanation. These changes adversely impacted Plaintiff's timelines on her case processing and on her ability to close cases earlier as expected.

23. On or about in 2018, Stephanie Thimodo under the direction of DRD Jackson, requested that Plaintiff provide daily work log of her activities while on teleworking under a temporary Reasonable Accommodation.

   a. This log was not required of Plaintiff's peers or others who were on telework.

    b. During that time, Thimodo advised Plaintiff, that in order to be considered for promotion Plaintiff must come into the office more frequently to be seen by management.

    c. No other Investigators, including Pfister and Cazales, were told this.

24. On or about May 1, 2019, Stephanie Thimodo in consultation with Norman Jackson denied Plaintiff's request for a case extension on EBSA File No. 20-013221(48).

    a. In contrast, the similar case extension requests were granted to Susan Gallagher and Brandon Pfister.

    b. Pfister is younger than 40 years old, born in America, White Caucasians non-Muslim with no known disability and no prior engagement with the protected EEO activity.

    c. Gallagher is White/ Caucasian, Christian and no prior engagement in protected EEO activity.

    d. In 2019, after denying another extension request made by Plaintiff, DRD Jackson explained that it was up to Plaintiff's supervisor, Thimodo, to grant such request. However, her supervisor, Stephanie Thimodo in turn explained to Plaintiff that it was up to DRD Jackson and/or RD Schloss to grant such extension requests.

25. On or about 2018, and continuously Plaintiff was denied credit for the work she completed on EBSA File No. 20-011617(48) and other cases.

    a. Other Regional Offices were allowed to copy Plaintiff's work and received the credit, while the credit was denied to Plaintiff for her work.

  b. When other Investigators, such as Cazales and Pfister, completed work involving another Regional Office working on the same matter, the two Investigators were given credit.

  c. On the closing letter for the case in question, which was reviewed and signed by RD Schloss, Plaintiff was berated when she complained about the letter being scrutinized more than similar letters written by her peers.

26. On or about July 2, 2019, both Norman Jackson and Stephanie Thimodo required Plaintiff to request official time (for union work) in advance.

  a. Other investigators and stewards such as Sigmund Kozierachi were not required to request official time in advance. They were White Caucasians, non-Muslim, with no known disability and no history of engaging in prior protected EEO activity.

27. Since 2012, to present, Plaintiff was held to a higher standard of performance on par with Senior Investigators by her first level supervisor, Stephanie Thimodo, and was told by Thimodo to be "perfect 100% of the time" on several occasions.

  a. Other Investigators supervised by Thimodo were not held to a similar performance standard.

28. When Plaintiff questioned her performance standards in November 2018, on December 12, 2018 Plaintiff was accused of lying by RD Michael Schloss and DRD Norman Jackson.

29. RD Michael Schloss and DRD Norman Jackson have been antagonistic, condescending, and patronizing to Plaintiff on many occasions, including but not limited to the following:

    a. In June 2019 during a bi-annual meeting with Labor Management Relation staff and the union.

    b. In March 2019 during a grievance meeting involving Plaintiff's performance rating.

30. On May 6, 2019, and July 11, 2019, Stephanie Thimodo denied Plaintiff the oral case reviews.

31. Since 2012, Plaintiff was denied request to meet for technical assistance or proper guidance from her supervisor and was told to work on her own and independently and not allowed to reach out to senior level staff or experts in the National office for assistance.

    a. DRD Jackson actively and frequently assisted Pfister on his cases.

    b. Senior investigators were assigned to assist Pfister and Hassler on their cases, while Plaintiff was required to work independently on her own cases or assist other Senior Investigators on their cases.

32. Complainant was not allowed to use a radio at her desk, while other Investigators were allowed to do so, such as Elizabeth Vastine (White Caucasian with no disability, no prior EEO activity, non Muslim).

33. On or around October 30, 2019, Plaintiff was rated "Fully Satisfactory" by Stephanie Thimodo on her FY2019 annual Performance Appraisal.

  a. During the FY 2019 performance cycle Plaintiff was held to arbitrary and unflexible or absolute standards, which were not applied to her non black, non muslim, younger counterparts.

  b. During this time, her supervisor Thimodo did not provide training, assistance, developmental opportunities or continuous feedback required to allow improvement.

  c. During this time, when Plaintiff asked for clarification or guidance on the standards applied, she was often reprimanded, patronized and suffered reprisal for her inquiries.

  d. During the end of appraisal Plaintiff submitted questions and comments to challenge the ratings she received; but Thimodo and RD Schloss ignored or refused to consider these.

  e. Other investigators have had their performance evaluations reversed or reconsidered with more favorable results by RD Schloss.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. On October 12, 2018, Plaintiff made her initial contact with EEO counselor on the matters alleged above.

35. On or about July 25, 2019, Plaintiff filed a formal EEO complaint (DOL-19-03-046), alleging the matters listed above.

36. On October 5, 2021, Defendant issued the Final Agency Decision on the matter alleged above.

## REMEDIES and RELIEF

37. Plaintiffs seek appropriate remedies, compensatory, pecuniary and non-pecuniary, including but not limited the lost wages in salary differential between her current salary and the salary she could have earned, had she been selected to the GS-13 Investigator position on October 3, 2018, retroactive grade/step adjustment with Quality Step Increase commensurate with the promotion, which was denied to her.

38. Plaintiff also seeks the change of her performance ratings to "Exemplary," with applicable bonus award.

39. She also seeks lost wages for sick leave taken as a result of the hostile working conditions she had endured.

40. Plaintiff seeks a lateral transfer to another office or new position outside the EBSA regional (PRO/WDO) offices.

41. She seeks reimbursement for all legal or consulting fees associated with this filing and processing this case until present.

## NO JURY DEMAND

42. The Plaintiff herein hereby a bench decision on all issues in this action.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant.

Respectfully Submitted,

*Kenya Lynch*

Kenya Lynch, pro se
354 Neverland Drive
Middletown, DE. 19122
L644prostew@outlook.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the documents specified below were served on the entity identified below on the date of the signature below by means indicated below:

    THE UNITED STATES DISTRICT COURT
    FOR THE EASTERN DISTRICT OF PENNSYLVANIA
    601 Market Street
    Philadelphia, PA. 19106


    Via FedEx


Complaint
Check in the amount of $402.00.
Summons
Civil Cover Sheet

                                                        Chungsoo J. Lee
                                                        Pro Se Litigation Admin. Support
                                                        ***EEO 21, LLC***
                                                         275 E. Street Road, #27
                                                         Feasterville, PA. 19053
                                                         Lee.eeo21@gmail.com



Reusable E



RT498 FZ
A 9825 12.31 00:30
6 16:30
A 9825 01 03

TO REUSE: Mark through all previous shipping labels and barcodes

ORIGIN ID:NKXA (215) 939-5831
EEO 21 LLC
275 E STREET RD UNIT 27
FEASTERVILLE TREVOSE, PA 19053
UNITED STATES US

SHIP DATE: 30DEC21
ACTWGT: 0.30 LB
CAD: 6955694/SSF02220

BILL THIRD PARTY

TO
US DISTR CT
601 MARKET ST

PHILADELPHIA PA 19106
REF:
DEPT:

TRK# 0201 2881 9443 9825 17 BBXA
INV:
PO:
(000) 000-0000

FRI – 31 DEC 4:30P
STANDARD OVERNIGHT

19106
PA-US PHL

FedEx Express
E
J212321121601au

Part # 156297428687RDB9EXP 11/22



JAN -3 2022
RECEIVED

Align bottom of peel-and-stick airbill or pouch here.